# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RALPH R. HERRERA,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **SA-06-CV-1074 FB** |
| **ALLSTATE TEXAS LLOYDS,** | § | |
| **ROLAND VILLARREAL d/b/a** | § | |
| **R. F. Villarreal & Associates, and** | § | |
| **CHANDLER S. BRUTON,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND RECOMMENDATION
## REGARDING MOTION TO REMAND

**TO:    Hon. Fred Biery**
**United States District Judge**

This memorandum and recommendation addresses the motion to remand filed by plaintiff Ralph R. Herrera.[1]  I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a Magistrate Judge is statutorily constrained.[2]  After considering the motion, response and reply, I recommend granting the motion to remand.

### Nature of the Case and Procedural Background

Herrera filed this case in the 131st Judicial District, Bexar County, Texas, to recover damages and benefits from his insurer—defendant Allstate Texas Lloyds (Allstate)—and

---

[1]Docket entry # 11.

[2]Docket entry # 12.

Allstate's former claims adjuster—defendant Chandler S. Bruton—under an insurance policy covering Herrera's home against risks of direct physical loss.  Herrera's home was damaged by plumbing leaks and water discharge, to include damage to the home's foundation and finishes.  After reporting the damage to Allstate, Bruton inspected Herrera's home and arranged for a contractor—defendant Roland F. Villarreal—to repair the damage.  The home was not repaired to Herrera's satisfaction.

Prior to the filing of Herrera's petition, Bruton and Villarreal were convicted in the district court for conspiring to defraud Allstate out of over one million dollars in claim payments.[3]  As part of the conspiracy, Bruton used his position as an Allstate claims adjuster to issue claim checks to Villarreal for services not performed or performed in a substandard manner.  After Allstate discovered the conspiracy, it contacted law enforcement authorities, setting into motion the criminal proceedings that resulted in Bruton's conviction for conspiracy to commit insurance fraud and Villarreal's conviction for conspiracy to commit money laundering.  As part of the criminal judgments, the district court ordered Bruton and Villarreal to pay Allstate over one million dollars in restitution.  The restitution order included a claim check for $8,205.30 made payable to Villarreal under Herrera's claim.

In his petition, Herrera alleges that Allstate and Bruton unreasonably delayed and/or denied paying benefits under his policy for a covered loss and failed to act in good faith to effectuate a prompt, fair and equitable settlement.  Herrera also alleges that Allstate and Bruton failed to conduct a proper investigation of the damage to his home.  Herrera alleges that Villarreal failed to disclose the full extent of damage to his home and failed to adequately repair

---

[3]SA-06-CR-612 FB.

his home.

Allstate removed this case to federal court on December 8, 2006, asserting jurisdiction on the basis of a federal question and diversity of citizenship.[4]  On May 3, 2007, Herrera moved to remand the case, asserting the lack of subject matter jurisdiction.[5]  The district court then referred the case to me.

## Whether this Case Should Be Remanded

"[R]emoval statutes are to be construed strictly against removal and for remand."[6]  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[7]  Ordinarily, two bases exist for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction.  Under 28 U.S.C. § 1331, a federal court has jurisdiction over controversies involving questions of federal law.  Under 28 U.S.C. § 1332, a federal court has jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000.00.

No basis exists for federal-question jurisdiction in this case.  When federal jurisdiction is based on a federal question, the action must arise "under the Constitution, laws, or treaties of the United States"[8]—that is, the action must raise a question of federal law.  "To support removal,

---

[4]Docket entry # 1.

[5]Docket entry # 11.  Herrera moved for leave to exceed this district's page limitation on January 10, 2007, so he could file his motion to remand.  The district court granted the request on May 3, 2007, and the district clerk filed Herrera's motion to remand on that day.

[6]*Eastus v. Blue Bell Creameries*, 97 F.3d 100, 106 (5th Cir. 1996).

[7]28 U.S.C. § 1447(c).

[8]28 U.S.C. § 1331.

the defendant bears the burden of establishing federal jurisdiction over the state-court suit."[9]

Allstate maintains that Herrera's petition raises a federal question because Herrera seeks to

undermine the district court's findings and conclusions in the criminal litigation.  Allstate relies

on a single line in Herrera's petition alleging that "Bruton and Villarreal have stolen money from

Plaintiff and have misappropriated claim payments rightfully belonging to Plaintiff."[10]  Allstate

characterizes this allegation as challenging the restitution order, arguing that the statement asserts

that the restitution belongs to Herrera rather than Allstate.  Because Herrera claims to be a victim

of Bruton and Villarreal's criminal activities, Allstate maintains that Herrera challenges the

district court's conclusion that Allstate was the target of Bruton and Villarreal's criminal activity,

undermining the findings implicit in the criminal judgments.[11]  Nothing in Herrera's petition,

however, indicates that Herrera seeks to undermine the district court's judgments or findings in

the criminal litigation or the restitution orders.  Instead, Herrera's petition seeks to hold Allstate,

Bruton, and Villarreal liable for failing to cover the repairs to his home.

      "A determination that a cause of action presents a federal question depends upon the

allegations of the plaintiff's well-pleaded complaint.  Generally, under section 1331, a suit arises

under federal law if there appears on the face of the complaint some substantial, disputed

question of federal law."[12]  No substantial, disputed question of federal law appears on the face

of Herrera's complaint.  In his petition, Herrera complains that Allstate failed to pay him a just

---

[9]*Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

[10]*See* docket entry # 1, attached complaint at p. 4.

[11]*See* docket entry # 6, § II.

[12]*Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).

4

amount for the losses he sustained to his home in accordance with the terms of his homeowner's policy.[13]  Herrera alleges that Allstate acted in bad faith in denying his claims for the repair of his home and characterizes the denial of his claim as a breach of the covenant of good faith and fair dealing.  Herrera further alleges that no reasonable basis existed for failing to properly investigate the damage to his home and to pay his claim.[14]  Herrera asserts that Allstate knew or should have known about Bruton and Villarreal's criminal activity but intentionally failed to disclose that conduct to him.[15]  He complains that Allstate represented that its chosen constructor— Villarreal—was a competent vendor who had been screened for quality work.[16]  Herrera asserts various state common law causes of action and violations of the Texas Insurance Code and the Deceptive Trade Practices Act (DTPA).  Herrera seeks damages for the repair of his home, family living expenses necessitated by the damage to his home and the failure to repair his home, and his attorney's fees and costs for this lawsuit.

Although authority exists for jurisdiction over an action originally brought in state court where the adjudication of the claims could nullify a federal judgment,[17] the adjudication of Herrera's allegations will not nullify the criminal judgments.  The criminal judgments identify Allstate as the victim of Bruton and Villarreal's criminal activities by identifying Allstate as the

---

[13]*See* docket entry # 1, attached complaint at ¶ VII.

[14]*See id.* at ¶ VIII.

[15]*Id*. at ¶ IX.

[16]*Id*. at ¶ X.

[17]*See Royal Ins. Co. of Am. v. Quinn-L Capital Corp*., 960 F.2d 1286, 1292 (5th Cir. 1992) (explaining that jurisdiction over a case that originated in state court is appropriate where the effect of the action would effectively nullify the judgment of a prior federal action).

payee in the restitution orders, but those judgments do not address others who may have been victims of Bruton and Villarreal's criminal activities.  While Herrera's petition alleges that Herrera was victimized by Bruton and Villarreal, it does not suggest that Allstate was not also victimized.  Instead, Herrera alleges that Allstate should have known what Bruton and Villarreal were doing, that Allstate failed to disclose what Bruton and Villarreal had done once Allstate discovered the criminal activity, and that Allstate wrongfully denied his claim.  The criminal judgments do not foreclose the adjudication of those claims; the claims do not implicate the criminal judgments.  Although the petition asserts that Bruton and Villarreal misappropriated claim payments rightfully belonging to Herrera, the petition also indicates that Herrera seeks more that the $8,205.30 paid under Herrera's claim.  Herrera's petition does not raise a federal question simply because the petition complains about conduct that also served as the basis of the criminal judgments or because a $8,205.30 payment paid under Herrera's claim was included in the restitution orders.

Allstate relies on the same line in Herrera's complaint to argue that the petition raises a federal question because Herrera challenges the district court's interpretation of the criminal statute that Bruton was convicted of violating.  Allstate argues that the statute criminalizing conspiracy to commit insurance fraud applies when an employee steals from his employer, but not when an employee steals from a person insured by the employer.[18]  Whether this interpretation is correct does not matter because Herrera does not seek to hold Bruton criminally liable and because civil liability does not implicate Bruton's criminal liability to Allstate. Adjudication of Herrera's claims does not implicate Bruton's conviction because Herrera alleges

---

[18]*See* docket entry # 6, pp. 4-5.

6

Bruton defrauded him.  Determining whether Bruton is liable to Herrera for his role in the handling of Herrera's claim will not undermine Bruton's criminal judgment because the judgment address Bruton's role in defrauding Allstate, not Herrera.  No federal question exists in this case.

In addition, no basis exists for diversity jurisdiction in this case.  When federal jurisdiction is based on diversity of citizenship, complete diversity must exist between the parties in the action.[19]  Here, complete diversity of parties does not exist because plaintiff Herrera and defendants Bruton and Villarreal are citizens of Texas; and defendant Allstate is a citizen of Illinois and Virginia.  In its notice of removal, however, Allstate asserted that Bruton and Villarreal were fraudulently joined to defeat diversity jurisdiction.

"In order successfully to prove that non-diverse defendants have been fraudulently joined in order to defeat diversity, the removing party must demonstrate 'that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court.'"[20]  Allstate maintains that Herrera is unable to establish a cause of action against Bruton and Villarreal in state court because they were involved in a separate conspiracy to defraud Allstate and that they are not connected with Herrera's claims against Allstate.  Because the criminal judgments established that Allstate was the victim of Bruton and Villarreal's conspiracy, Allstate argues that Herrera's causes of action relating to those

---

[19]*See Strawbridge v. Curtiss*, 7 U.S. 267 (1806).  *See also Felton v. Greyhound Lines*, 324 F.3d 771, 773 (5th Cir. 2003) ("Diversity jurisdiction requires (1) complete diversity of the parties and (2) an amount-in-controversy that exceeds $75,000.").

[20]*Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) (internal citation omitted).

defendants are separate and distinct from any permissible causes of action against Allstate.[21]

Allstate's argument does not demonstrate that Herrera cannot establish a cause of action against Bruton and Allstate in state court. "In reviewing a claim of fraudulent joinder, the district court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff. If there is any possibility that the plaintiff has stated a cause of action against any non-diverse defendant, the federal court must conclude that joinder is proper, thereby defeating complete diversity, and the case must be remanded."[22]

Herrera's complaint reflects a possibility that Herrera can establish a cause of action against Villarreal under the DTPA. The DTPA protects consumers against false, misleading, and deceptive business and insurance practices, unconscionable actions, and breaches of warranty by prohibiting certain acts and practices that tend to deceive and mislead consumers.[23] The DTPA covers statements made to induce consumers to choose certain services or repairs, and misrepresentations that services are of a particular standard, quality, or grade.[24] Herrera complains that Allstate, through Bruton, hired Villarreal to inspect his home and make required repairs. He also alleges that Villarreal concealed his knowledge about the full extent of the damage to his home, performed some repair, received payment for the repair of his home, and

---

[21]*See* docket entry # 6, pp. 7-10.

[22]*Sid Richardson Carbon & Gasoline Co*., 99 F.3d at 751.

[23]*See* TEX. BUS. & COMM. CODE § 17.46(a) (Vernon Supp. 2006) (prohibiting "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce"); id. at § 17.50 (making prohibited practices actionable by consumers).

[24]*See id*. at ¶ 17.46(b).

failed to repair all damage to his home.[25]  Herrera alleges that this conduct was misleading, unconscionable, and deceptive.[26]  If true, these allegations state a claim under the DTPA because the statute provides a cause of action for the type of conduct that Herrera complains about. Because the DTPA provides Herrera a cause of action against Villarreal, Allstate cannot show that no possibility exists that Herrera will be able to establish a cause of action against one of the non-diverse defendants.  Because a possibility exists that Herrera has stated a cause of action against Villarreal—a non-diverse defendant—no basis exists for diversity jurisdiction.  Although Allstate argues that there is no real connection between Herrera's claim against Allstate and Herrera's claims against Bruton and Villarreal, all claims arise from, and are interwoven with, the same facts.  Joinder is proper and this case should be remanded.

### Herrera's Requests for Actual Costs

In his motion to remand, Herrera also asked for his attorney's fees and costs associated with the removal.  Section 1447(c) of title 28 authorizes the district court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In determining whether to award costs, the district court must consider the propriety of the defendants' decision to remove.[27]  The district court must consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper."[28]

There was no objectively reasonable basis for believing that a federal question exists in

---

[25]*See* docket entry # 1, attached complaint at ¶ V.

[26]*See id.* at ¶ VIII.

[27]*See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993).

[28]*Valdes v. Wal-Mart Stores*, 199 F.3d 290, 293 (5th Cir. 2000).

9

this case because Herrera's claims do not implicate the criminal judgments.  Likewise, there was no objectively reasonable basis for believing that diversity jurisdiction exists because Texas law provides for liability against both Villarreal and Bruton—against Villarreal under the DTPA and against Bruton as a person engaged in the business of insurance under the Texas Insurance Code.[29]  Without an objectively reasonable basis to believe removal was proper, the award of attorney's fees and costs is appropriate.

### Recommendation

Because no basis exists for federal jurisdiction in this case, I recommend GRANTING Herrera's motion to remand (docket entry # 11) and REMANDING this case to the 131st Judicial District, Bexar County, Texas.  I also recommend awarding Herrera his actual costs for removal.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[30]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the

---

[29]*See Liberty Mut. Ins. v. Garrison Contractors*, 966 S.W.2d 482, 484 (Tex. 1998).

[30]28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[31]   Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[32]

     **SIGNED** on June 25, 2007.


*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[31]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[32]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).